IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-302-D
No. 5:24-CV-633-D

| | | |
|---|---|---|
| OCTAVIOUS ARTIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

As explained in the United States' memorandum in support of its motion to dismiss [D.E. 84], petitioner's motion to vacate under 28 U.S.C. § 2255 lacks merit. Petitioner's plea agreement bars claims one and three. See id. at 10–11. Claims one and three also fail because petitioner lost these claims on direct appeal. See id. at 12. Claims one, two, three, and five fail due to the Rule 11 proceeding, petitioner's sworn statements during the Rule 11 proceeding, and the record. See id. at 13–14. Moreover, petitioner procedurally defaulted claim three. See id. at 14–15. Furthermore, claim six fails because petitioner cannot use 28 U.S.C. § 2255 to attack his advisory guideline range. See id. Finally, claims four, five, and six fail as implausible under both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 687–94 (1984), and its progeny. See id. at 16–23.

After reviewing the claims presented in petitioner's motion, the court finds that reasonable jurists would not find the court's treatment of petitioner's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for petitioner's motions for compassionate release, petitioner remains a career offender in light of his conviction on count two and his two prior convictions in paragraphs 28 and 31 of his presentence investigation report. See Presentence Investigation Report [D.E. 40] ¶¶ 1–5, 28, 31, 36. Thus, the premise of his motions for compassionate release is baseless.

Alternatively, and in any event, even if petitioner was not a career offender, the court has reviewed the record, the governing law, and the section 3553(a) factors. The court would not reduce petitioner's sentence in light of the petitioner's history and characteristics, the serious nature of his crimes, his abysmal criminal history, the need to protect the public from him, and the need to promote respect for the law. See Sent. Tr. [D.E. 51] 12–18; Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023). Thus, the court denies petitioner's motions for compassionate release.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 83], DISMISSES petitioner's motion to vacate [D.E. 71], DENIES a certificate of appealability, and DENIES petitioner's motions [D.E. 64, 70] for compassionate release.

SO ORDERED. This _3_ day of December, 2025.

JAMES C. DEVER III
United States District Judge

2

Case 5:21-cr-00302-D    Document 85    Filed 12/03/25    Page 2 of 2